People v Green (2019 NY Slip Op 03073)





People v Green


2019 NY Slip Op 03073


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-01760
 (Ind. No. 1082/15)

[*1]The People of the State of New York, respondent,
v
Darnell Green, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher S. Bae of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered October 11, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
CPL 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is an "eligible youth" (CPL 720.10[2]; see People v Rudolph, 21 NY3d 497, 501; People v Hall, 160 AD3d 896). Here, as the People correctly concede, although the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. A determination as to whether to afford a defendant youthful offender treatment "must be explicit, even if it is apparent from the record of the sentencing proceeding that the court did not believe a defendant was entitled to youthful offender treatment" (People v Mead, 159 AD3d 1040, 1041). Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Queens County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v Foster, 162 AD3d 790, 790-791; People v Hall, 160 AD3d at 897; People v Mead, 159 AD3d at 1041).
In light of our determination, the defendant's remaining contention has been rendered academic.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court